IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

A.P., a minor by and through
his next friend, D.B.,

                                                        ORDER
                    Plaintiff,

        v.                                            08-cv-176-slc

TOMAH AREA SCHOOL DISTRICT;
ROBERT FASBENDER, in his official capacity as
    District Administrator of the Tomah Area School District;
CALE JACKSON, in his official capacity as
    Assistant Principal of Tomah High School; and
JULIE MILLIN and MARGI GENRICH,
    in their official capacities as Tomah High School faculty members,

                    Defendants.
_____

On March 28, 2008, plaintiff A.P., a minor by and through his next friend D.B., filed this civil lawsuit in which he contends that defendants Tomah Area School District, Robert Fasbender, Cale Jackson, Julie Millin and Margi Genrich violated and continue to violate plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution by prohibiting plaintiff's religious expression at school.

On April 15, 2008, plaintiff filed a motion for a temporary restraining order and for a preliminary injunction asking this court to:

(1) Restrain and enjoin defendants "from enforcing their Policies and practice that censor student responses to class assignments on the basis of religious content therein, when the responses otherwise met all previously set grading criteria,"

(2) "Require Defendants to grade Plaintiff's landscape drawing in Defendant Millin's class according to the same grading criteria for all other students," and

(3) "Require Defendants to cleanse Plaintiff's record of any and all disciplinary action taken against him arising out of the application and enforcement of Defendants' unconstitutional Policies and practice.

*See* Plaintiff's Motion for Temporary Restraining Order, dkt. 10, at 1-2.

Because plaintiff has failed to show that he will suffer an "immediate and irreparable injury" before defendants can be heard in opposition, I am denying his request for an ex parte temporary restraining order in favor of a preliminary injunction hearing on April 25, 2008, at which both parties can be heard.

Fed. R. Civ. P. 65(b) authorizes a court to issue a temporary restraining order without notice to the adverse parties only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

These rigorous requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Granny Good Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438-39 (1974).

Plaintiff has not provided any reason why he should not be required to provide defendants with notice before receiving a temporary restraining order.  Indeed, plaintiff's attorney certified on April 15, 2008 that defendants will receive "actual and immediate notice" of plaintiff's motion through email and UPS overnight delivery, that is, sometime today, April 16, 2008.  Obviously, plaintiff is not requesting an ex parte temporary restraining order on the basis that he is unable to provide defendants with notice.  This places upon plaintiff the heavy

burden of persuading this court to act before a party who *will* receive actual and immediate notice has an opportunity to respond to the motion.[1]

The facts proffered by plaintiff, which I accept as true for the purpose of deciding whether to grant a temporary restraining order, do not clearly show that immediate and irreparable injury, loss or damage will result to plaintiff before defendants can be heard in opposition. Fed. R. Civ. P. 65(b)(A). Plaintiff reports that he will graduate from high school in less than two months and that he "desires to express his religious beliefs where appropriate in upcoming class assignments for the remainder of the school year before he graduates this spring." Plaintiff, however, has not proffered facts regarding any actual, specific assignment for which defendants have prohibited or will prohibit plaintiff from expressing his religious beliefs, let alone an assignment for which plaintiff's deadline is so immediate that only a temporary restraining order will protect his rights during the time period before defendants respond to his allegations.

Plaintiff reports that he plans to attend college in the fall and that his high school transcript currently contains a disciplinary mark imposed in retaliation for plaintiff having "respectfully" torn in half defendant Millin's written artwork policy because the policy violated his constitutional rights. Plaintiff alleges that the disciplinary mark "has the potential to negatively impact [his] college acceptance." Plaintiff, however, has not alleged that he has

---

[1] One logical conclusion to draw from this record would be that plaintiff doesn't really expect or particularly want an ex parte restraining order; he just wants the quickest available adversarial hearing on his request for a preliminary injunction.

admission applications pending at any colleges.[2]  Nor has plaintiff explained why removal of the disciplinary mark immediately–that is, before defendants are provided with an opportunity to respond to plaintiff's allegations–is critically necessary, as opposed to removing the disciplinary mark at some later date but before his final transcript is finalized and released at the end of the school year.

Finally, plaintiff waited eighteen days after filing his complaint to file his motion for a temporary restraining order.  This 2½ week delay suggests that plaintiff is not suffering such an immediate and irreparable injury as to require this court to provide him with an ex parte temporary restraining order.  Accordingly, plaintiff's failure to satisfy the stringent requirements under Rule 65(b) requires that his motion for an ex parte temporary restraining be denied.

Even so, it is clear that plaintiff's motion for a preliminary injunction must be addressed promptly.  Plaintiff still is in school and presumably still will be given assignments that might implicate his First Amendment rights.  The semester–in fact, plaintiff's high school career–concludes in about two months, at which time plaintiff might be stuck with a "permanent record."  Therefore, I am scheduling a hearing on plaintiff's motion for a preliminary injunction for next Friday, April 25, 2008.  This should provide defendants with sufficient time to appear, retain counsel and respond to plaintiffs allegations, while ensuring that plaintiff receives resolution in time for it to matter.

---

[2]  Most colleges in America make their offers of admission in March and April.  *See* "College Admissions Calendar" at  http://www.collegeboard.com/parents/appy/college-applications/21357.html. Therefore, it would be unusual for plaintiff still to be under consideration by a college for admission this fall unless he were to have been put on an admissions wait list, a fact that he has not proffered.

ORDER

IT IS ORDERED that:

(1) Plaintiff A.P.'s motion for a temporary restraining order  is DENIED.

(2) Plaintiff's motion for a preliminary injunction shall be heard on April 25, 2008 at 2:00 p.m. at which time plaintiff A.P.'s motion for a preliminary injunction will be decided.

Entered this 16th day of April, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge